UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JASON ARTHUR ALTHEIDE,

     *Petitioner*,

vs.

SHERON WEHRLY, *et al.*,

     *Respondents*.

Case No. 2:16-cv-02638-APG-VCF

**ORDER**

     Petitioner has filed a habeas petition under 28 U.S.C. § 2254 without properly commencing the action by paying the filing fee or filing a pauper application.

     It does not appear that a dismissal without prejudice would materially impact the analysis of the application of the limitation period in a new action or otherwise result in the equivalent of a dismissal with prejudice.  Petitioner alleges that he was convicted on October 5, 2016, in Nevada state court of "resisting" and sentenced to six months and restitution.  The one-year federal limitation period will not begin to run under 28 U.S.C. § 2244(d), at the earliest, until the completion of direct review of the conviction or the expiration of the time for seeking such review.[1]  This improperly commenced action therefore will be dismissed without prejudice.

     Petitioner should note the following.

     First, petitioner states in response to inquiries in the petition form that he has appealed the conviction and that "[t]his is appeal petition."  There is no direct appeal of a judgment of a state district court to a federal district court.  A federal district court does not have appellate jurisdiction over a state

---

[1]Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely and properly presenting his claims.

1  court, whether by direct appeal, mandamus, and/or an exercise of supervisory jurisdiction.  *See, e.g.*
2  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir.
3  2003).

4     Second, petitioner further stated "[t]his petition" in response to a petition form inquiry as to
5  whether he had filed a *state* post-conviction petition.  A federal habeas petition is not a substitute for
6  a state post-conviction petition.

7     Third, petitioner maintains that the Supreme Court of Nevada improperly denied his multiple
8  original petitions for an extraordinary writ in that court.  There is no requirement under either state or
9  federal law that a state supreme court must exercise a discretionary jurisdiction to consider an original
10 petition for an extraordinary writ.  *See, e.g., Ex parte Hawk*, 321 U.S. 114 (1944).  Claims challenging
11 a judgment of conviction ordinarily must be presented to the state courts in the first instance in a timely
12 direct appeal filed in the state courts and thereafter in a timely state post-conviction petition filed in the
13 state district court.  If a state supreme court decides in the exercise of its discretion to not entertain
14 claims via an original petition for an extraordinary writ, that is the end of that matter.  The state
15 supreme court's decision to decline to exercise such extraordinary jurisdiction does not provide a basis
16 then for federal review of the claims.

17    In short, if petitioner fails to file a timely direct appeal in the state courts and fails thereafter to
18 pursue a timely-filed state post-conviction petition in the state courts, he likely will have created a
19 situation where no court – state or federal – will consider his then procedurally-barred claims on the
20 merits.  Petitioner's erroneous belief that he instead should be able to present his claims through
21 procedural vehicles other than a direct appeal filed in state court or a state post-conviction petition will
22 not lead to a different result.

23    In all events, the present improperly-commenced federal action will be dismissed without
24 prejudice.

25    **IT THEREFORE IS ORDERED** that this action shall be DISMISSED without prejudice to
26 the filing of a new petition in a new action accompanied by either the required filing fee or a properly
27 completed application to proceed *in forma pauperis*.  Nothing herein suggests that the petition is free
28 of other deficiencies and/or that federal habeas relief would be available on a new petition.

1    **IT FURTHER IS ORDERED** that a certificate of appealability is DENIED.  Jurists of reason

2  would not find the dismissal of this improperly-commenced action without prejudice to be debatable

3  or wrong, as no substantial prejudice will result.

4    **IT FURTHER IS ORDERED** that no further filings shall be accepted in this action other than

5  a notice of appeal from this order.  Proceedings under this docket number are closed.

6    The Clerk of Court shall SEND petitioner two copies each of a  noncapital habeas petition form

7  and a pauper form along with one copy of the instructions for the forms and of the papers submitted

8  in this action.

9    The Clerk of Court shall enter final judgment dismissing this action without prejudice.

10    Dated: November 22, 2016.

11

12

13    _____
          ANDREW P. GORDON
14          United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28